**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

CHRISTOPHER-MICHAEL WILLIAMS,    :    Case No. 2:25-cv-1410
                                 :
    Plaintiff,               :
                                 :
                                 :    District Judge James L. Graham
vs.                              :    Magistrate Judge Kimberly A. Jolson
                                 :
GARY L. GALLOWAY, *et al.*,      :
                                 :
    Defendants.              :
                                 :

## ORDER AND SUPPLEMENTAL
## REPORT AND RECOMMENDATIONS

Plaintiff, an inmate housed at the Chillicothe Correctional Institution ("CCI'), has filed a pro se Complaint against Defendants Gary L. Galloway, Erin Cottril, Angela Ivey, Alfred Harvester Marcus, and Margret Moore. (Doc. 3). On February 17, 2026, the Undersigned conducted an initial screen of Plaintiff's Complaint, understanding Plaintiff to be alleging Fourteenth Amendment Equal Protection claims, Eighth Amendment cruel and unusual punishment claims, First Amendment freedom of association claims, and civil conspiracy claims under 42 U.S.C. § 1983 against all five Defendants for denying Plaintiff's Family Day application because of his conviction. (Doc. 4). The Undersigned determined that Plaintiff was allowed to proceed on his Equal Protection and freedom of association claims against all five Defendants but recommended that Plaintiff's cruel and unusual punishment claims, Due Process claims, civil conspiracy claims, and any official capacity claims for monetary damages be dismissed. (*Id.* at 7–15).

Since this Court's February 2026 Report and Recommendations, Plaintiff has filed a motion to amend his Complaint, seeking to elaborate his civil conspiracy claims and to present circumstantial evidence to support those allegations (Doc. 5), a motion to issue service with

completed summons forms (Doc. 5-6), and a "Motion for an Order Clarifying Debt Collection Under 28 U.S.C. § 1915(B)(2) to Cashiers Office Collecting Funds" based on an alleged duplicative charge in Plaintiff's civil case, *Williams v. A. Corp., et al.*, No. 2:25-cv-154 (Graham, J.; Gentry, M.J.).  (Doc. 7 (Motion); Doc. 7-1 (Exhibits)).  The Undersigned addresses each in turn.

## I.      MOTION TO AMEND

This matter is first before the Court on Plaintiff's motion to amend (Doc. 5), in which Plaintiff seeks to amend his Complaint (Doc. 5-1).  Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend a complaint "once as a matter of course" within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  Given the early status of the case, Plaintiff's motion to amend (Doc. 5) is **GRANTED**.  Plaintiff's Amended Complaint (Doc. 5-1) "supersedes [the] earlier complaint for all purposes."  *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013).

Because Plaintiff has been granted leave to proceed *in forma pauperis* (Doc. 2), the Undersigned must conduct an initial screen of Plaintiff's Amended Complaint to determine whether the Amended Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

## II.     SCREENING STANDARD

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328–29 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no legal basis when the defendant is immune from suit or when a plaintiff claims a violation of a legal interest which

2

clearly does not exist.  *Neitzke*, 490 U.S. at 327 (citation omitted).  An action has no factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  *See also Lawler*, 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 327–28).  Congress has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  *See also Hill*, 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

The screening procedures established by § 1915 apply to complaints filed by prisoners against governmental entities, officials, or employees regardless of whether the plaintiff has paid the filing fee or is proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915A(a); *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001); *Bell v. Rowe*, No. 97-4417, 1999 WL 196531, at *1 (6th Cir. Mar. 22, 1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded

factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## III.   AMENDED COMPLAINT

In his Amended Complaint (Doc. 5-1), Plaintiff seeks to bolster his civil conspiracy claims (*see* Doc. 5 (Motion to Amend)). Plaintiff's Amended Complaint is largely duplicative of his original Complaint. (*Compare* Doc. 5-1, *with* Doc. 3). The Undersigned therefore incorporates the factual allegations laid out in this Court's February 17, 2026, Order and Report and Recommendations:

### Factual Allegations

Plaintiff alleges that Defendant Cottril, Staff Advisor for the Gavel Club, informed Plaintiff that he would not be allowed to participate in Family Day because of his criminal charges, a decision made by Cottril and Defendant Ivey. This conversation occurred right after Plaintiff and his family participated in a marathon fundraiser event at CCI to raise money for a drug prevention program on September 19, 2025. Plaintiff alleges that Cottril referred to the Family Day application, which cautioned inmates that "no one with crimes against children will be permitted to attend." He alleges that he was not permitted to participate in Family Day, despite attending previous family programs at CCI, depriving him of the right to participate in Family Day like other inmates.

Plaintiff alleges that Cottril had discriminatory intent, violating his right to equal protection and that Cottril subjected him to cruel and unusual punishment. Other inmates participated in Family Day who were similarly situated to Plaintiff, he

4

alleges.  Plaintiff lists CCI inmates who had permission to attend Family Day and alleges that these inmates are similarly situated because they all are level two inmates incarcerated at CCI who have exemplary behavior like him.  Plaintiff also alleges that many of the inmates in attendance were convicted of violent crimes and "some may be revealed to have victims who were children."

On October 3, 2025, Plaintiff alleges that Defendant Ivey, as the "overseer" of prison programs, answered his grievance about the Family Day denial and referenced the warning on the application.  Plaintiff alleges that these facts prove discriminatory intent against inmates convicted of certain crimes.  He also alleges that Ivey supported an unwritten custom that prevented inmates convicted of sex crimes or crimes against children from participating in Family Day, which he was unaware of before joining the Gavel Club.  Plaintiff alleges that Ivey could override subordinate Cottril's decision but failed to do so.

Plaintiff further alleges that Ivey discussed the issue with Defendant Marcus, Institutional Chaplain and "overseer" of programs held in the CCI chapel.  Plaintiff alleges that Ivey and Marcus both agreed to deny Plaintiff's participation in Family Day.  Plaintiff alleges that Marcus conspired with the other Defendants to discriminate against Plaintiff.

Plaintiff alleges that Defendant Moore, Staff Counsel for ODRC and "overseer and initiator" of prison program policies, initiated the conspiracy against Plaintiff through Moore's statement about prison policies.  CCI never provided information nor gave reasonable notice about the "secret unwritten policy" that his crimes would prevent him from participating in Family Day, Plaintiff alleges.  Plaintiff also alleges that this policy creates an "arbitrary deciding factor" to let groups discriminate against certain inmates by adding the discriminatory clause, while other groups do not include the limitation.

Defendant Galloway supported the other Defendants' discriminatory conduct by representing an unwritten custom as an official policy, Plaintiff alleges.  He also alleges that Galloway "did acquiesce[], ratify, agree, permit, and allow" his subordinates to discriminate against Plaintiff.  Plaintiff alleges that Galloway is responsible for the other Defendants' actions and that Galloway treated him differently than similarly situated inmates.  Plaintiff alleges that Galloway discriminated against him based on his convicted crimes, which "lacks a rational basis."

### Alleged Constitutional Violations

In his first claim, Plaintiff alleges that Defendants violated his First Amendment right to the freedom of association when they denied him the opportunity to participate in Family Day with his children.  Plaintiff also alleges that Defendants had "no legitimate reason" to deny his Family Day application, violating his established rights under the Fourteenth Amendment.  Plaintiff alleges that inmates

5

convicted of crimes against children were denied participation in Family Day but "inmates who are similarly situated in every relevant way" were allowed to participate.

Discriminatory intent is evident, Plaintiff alleges, in the Family Day application and in the answers to his grievances. Plaintiff further alleges that Defendants had no legitimate penological interest in denying him Family Day when his children were allowed to visit him in the past. Plaintiff alleges that Defendants effectuated this discrimination by implementing an unwritten policy that was initiated by the CCI warden, Defendant Galloway. Plaintiff also alleges that he was discriminated against as a "class of one."

In his next claim, Plaintiff again alleges that Defendants violated his Fourteenth Amendment rights to Equal Protection without having a legitimate penological interest in denying his Family Day application. Plaintiff also alleges that Defendants violated a fundamental right to the "integrity of the family unit," a right secured by the Due Process Clause under the Fourteenth Amendment. Plaintiff alleges that inmates who are similarly situated were allowed to participate in Family Day, including inmates convicted of violent crimes. Defendants were unreasonable to treat him disparately, Plaintiff alleges.

In his last claim, Plaintiff alleges that Defendants discriminated against him based on an unwritten policy created by Defendant Moore. Plaintiff alleges that this custom was "accepted as official policy" as an agreement between Defendants. Defendants initiated a single plan and shared a conspiratorial objective to violate his rights, Plaintiff alleges. Plaintiff alleges that Defendants' conduct caused him mental anguish and that he "continues to suffer injuries and damages, both emotionally and legally."

(Doc. 4 at 3–6 (internal citations omitted)).

### A.     Amended Allegations

Plaintiff's amended factual allegations add general support for his disparate treatment claims. (*See* Doc. 5-1 at 6, 12). He also alleges that Defendant Cottril admitted that she and other prison staff and inmates voted to bar individuals with crimes against children from participating in Gavel Club's Family Day, following the model of the "Godly Fathers" group. (*Id.* at 5). Plaintiff alleges that there is a "specific type of hate" toward inmates convicted of sex crimes against children; and he alleges that having such a discriminatory policy serves no legitimate penological interest. (*Id.* at 8–9). Plaintiff alleges that this hate proves a "tactical and calculated plan to

6

conspire and violate [his] right to equal treatment." (*Id.*).  Plaintiff's exhibits prove the conspiracy between Defendants, he alleges.  (*Id.* at 9).

Plaintiff also alleges that the fact he has "filed multiple lawsuits, and then thereafter, had been denied equal treatment, when in the past he was allowed to participate in all other Family Day Activities was the result of a conspiracy" between all Defendants.  (*Id.* at 8).  Plaintiff alleges that he and his children have suffered mental anguish because of the denial.  (*Id.* at 11).  Plaintiff alleges that Defendants' actions have worsened an "already impossible mission of resilience, redemption, and exoneration."  (*Id.* at 12).

Regarding his three claims, Plaintiff's allegations follow his original Complaint.  (*Compare* Doc. 5-1 at 13–17 *with* Doc. 3 at 12–16).  Plaintiff does add that family visits are "critical to the development and mental health of his children."  (Doc. 5-1 at 13).  For his conspiracy claims, Plaintiff also adds that the "unwritten custom" to discriminate against inmates convicted of sex crimes against children is "not new and has been done for years before [Plaintiff] was injured." (*Id.* at 16).

Plaintiff seeks declaratory, injunctive, and monetary relief.  (*Id.* at 17–18).

## B. Discussion

The Undersigned understands Plaintiff to be raising the following claims:

1. Fourteenth Amendment Equal Protection claims against all Defendants for the alleged discrimination toward Plaintiff as an inmate convicted of sex crimes against children;

2. Eighth Amendment cruel and unusual punishment claims against all Defendants for denying Plaintiff's participation in Family Day;

3. First Amendment freedom of association claims against all Defendants for allegedly infringing on his right to visit with and parent his children;

4. Conspiracy claims against all Defendants for allegedly collectively planning to block Plaintiff from participating in Family Day; and

5.  Retaliation claims against all Defendants for allegedly denying Plaintiff's Family Day application because he has filed multiple lawsuits.

Upon review, and without the benefit of further briefing by the parties, the Undersigned concludes, as before, that Plaintiff **MAY PROCEED** at this juncture with his Equal Protection and freedom of association claims against Defendants Galloway, Cottril, Ivey, Marcus, and Moore. These claims include the further development of allegations against Defendants Galloway and Ivey in both their personal roles and their roles as supervisors. (*See* Doc. 4 at 7 (noting the same)). Additionally, based on his amended allegations and in an abundance of caution, Plaintiff's new retaliation claims against all Defendants **MAY PROCEED** for further development at this stage in the proceedings.

The Undersigned **ADVISES** Plaintiff that this is only a preliminary determination. The Undersigned has not made a determination as to the merits of the claims being allowed to proceed, nor considered any potential defenses. Defendants are not precluded from filing a motion to dismiss, a motion for a more definite statement, or other appropriate motions under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

Plaintiff's remaining allegations should be **DISMISSED** for the failure to state a claim upon which relief may be granted. In other words, the Court should **ADOPT** the prior recommendations to **DISMISS** Plaintiff's official capacity claims for monetary damages, his Fourteenth Amendment Due Process claims, and his Eighth Amendment cruel and unusual punishment claims against all Defendants. (Doc. 4 at 7–12). The Court should also **ADOPT** the prior recommendation to dismiss Plaintiff's civil conspiracy claims (*id.* at 12–14), as supplemented in more detail below.

### C.      Civil Conspiracy Claims

Plaintiff attempts to cure the deficiencies with his conspiracy claims through his Amended Complaint.  (*See* Doc. 5 (Motion to Amend)).  Based on the allegations in his original Complaint (Doc. 3), the Undersigned concluded that Plaintiff's conspiracy claims lacked the requisite specificity to proceed for further development (Doc. 4 at 12–13)—and reaches the same conclusion here.

Civil conspiracy claims under § 1983 require an "agreement between two or more persons to injure another by unlawful action." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)).  Conspiracy claims warrant relief when a plaintiff shows that (1) a "single plan" existed; (2) the alleged co-conspirators had a shared objective; (3) an "overt act was committed in furtherance of the conspiracy"; and (4) he suffered an injury.  *Id.* (quoting *Hooks*, 771 F.2d at 944).  And it is well-settled in the Sixth Circuit that "conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Id.* (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)); *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (citations omitted) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead sufficient material facts).

Plaintiff suggests that his Amended Complaint clarifies his conspiracy claims and submits exhibits as circumstantial evidence to infer that a conspiracy existed between Defendants to deny his Family Day application.  (Doc. 5 (Motion to Amend); Doc. 5-1 (Amended Complaint); Docs. 5-2 through 5-5 (Exhibits)).  But Plaintiff fails to add any substantive allegations to lead to a different conclusion.  First, as noted prior, Plaintiff's conspiracy claims lack the requisite specificity, *see Moldowan*, 578 F.3d at 395; and his allegations are merely speculative that such a

9

conspiracy existed.  *See Regets v. City of Plymouth*, 568 F. App'x 380, 391 (6th Cir. 2014) (citation omitted); *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989)) (finding that circumstantial evidence can "establish an agreement between the coconspirators" but "mere speculation and conjecture are insufficient").  And Plaintiff still fails to allege any basis to show his knowledge that the unwritten custom or policy was a conspiracy against him specifically.

Instead, Plaintiff alleges that the "unwritten custom" existed years before he was injured. (Doc. 5-1 at 16).  This allegation supports the conclusion that Defendants did not engage in a single plan to conspire against Plaintiff because it is mere conjecture to allege that Defendants created a custom they could rely on years later to deny Plaintiff's Family Day application.  Adding to that, Plaintiff's allegations reframe his disparate treatment claims as a conspiracy.  Plaintiff alleges that Defendants conspired together because of a "specific type of hate" against inmates convicted of sex crimes against children, and he alleges that the denial served no legitimate penological interest or policy.  (*Id.* at 8–9).  In doing so, Plaintiff merely recasts the alleged constitutional violations as a conspiracy, which is insufficient to state a plausible claim for relief.  *See Moldowan*, 578 F.3d at 395 (finding that a conspiracy claim lacked the requisite specificity when the plaintiff "repeatedly recast[ed] that allegation as different constitutional violations").  Moreover, though Plaintiff frames his allegations as a conspiracy, his allegations, in reality, raise retaliation claims.  Plaintiff ties Defendants' actions in denying his Family Day application to Plaintiff exercising his First Amendment right to file lawsuits against prison officials.  (Doc. 5-1 at 8).  While Plaintiff may proceed to further develop his retaliation claims, his conspiracy claims do not meet the requisite specificity to state a plausible claim for relief.

10

Accordingly, the Court should also **ADOPT** the prior recommendation (Doc. 4 at 12–13), and incorporate the supplemental reasoning here, to **DISMISS** Plaintiff's civil conspiracy claims against all Defendants.

## IV.   MOTION FOR CLARIFICATION ON DEBT COLLECTION

This matter is also before the Court on Plaintiff's "Motion for an Order Clarifying Debt Collection Under 28 U.S.C. §1915(B)(2) to Cashiers Office Collecting Funds."  (Doc. 7).  In his motion, Plaintiff refers to actions taken to collect the filing fee in one of his other cases, No. 2:25-cv-154.  (Doc. 7 at 2 (referring to said case number)).  Plaintiff's attached exhibits reference the same.  (Doc. 7-1).  Plaintiff filed the same or a very similar motion in that case the same day he filed the instant motion.  (*Compare* Doc. 7 in Case No. 2:25-cv-1410 *with* Doc. 28 in Case No. 2:25-cv-154).

Any dispute concerning the filing fee in Case No. 2:25-cv-154 must be resolved in that case and is not appropriately considered here.  The instant motion filed in Case No. 2:25-cv-1410 (Doc. 7) is therefore **DENIED**.

## V.   CONCLUSION

Based on the above, Plaintiff's motion to amend (Doc. 5) is **GRANTED**.  Upon screening his Amended Complaint, Plaintiff's Equal Protection, freedom of association, and retaliation claims **MAY PROCEED** for further development against all Defendants in their individual capacities, and in their official capacities to the extent that Plaintiff seeks declaratory and injunctive relief.  Because Plaintiff's other allegations fail to state a plausible claim for relief, the Undersigned **RECOMMENDS** that the Court **DISMISS** his remaining claims.

As an attachment to his motion to amend, Plaintiff has filed a motion for service with completed summons forms and service forms for each Defendant (Doc. 5-6 at 1–11), USM-280

forms (Doc. 1-7), and service copies of his Amended Complaint for each Defendant in accordance with this Court's prior Order (*see* Doc. 4 at 13–14).  Plaintiff's motion for service is **GRANTED**.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff may proceed at this juncture on his Fourteenth Amendment Equal Protection claims and his First Amendment freedom of association claims against Defendants Galloway, Cottril, Ivey, Marcus, and Moore for allegedly discriminating against Plaintiff by denying his Family Day application based on his criminal conviction and therefore impeding his right to visit with his children, without a legitimate penological interest.

2. Plaintiff may proceed at this juncture on his retaliation claims against the same Defendants for allegedly denying Plaintiff's Family Day application as retaliation for filing multiple lawsuits.

3. The United States Marshal shall serve a copy of the Amended Complaint (Doc. 5), summons (Doc. 5-6), the separate Order granting Plaintiff *in forma pauperis* status (Doc. 2), the prior Order and Report and Recommendations (Doc. 4), and this Order and Supplemental Report and Recommendations upon Defendants as directed by Plaintiff. (*See* Doc. 5-6 at 1–11).  All costs of service shall be advanced by the United States.

4. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or Defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk, or which fails to include a certificate of service will be disregarded by the Court.

5. Plaintiff is reminded that he must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Court **ADOPTS** the prior recommendations (Doc. 4) that Plaintiff's cruel and unusual punishment claims, Due Process claims, and any official capacity claims for monetary damages against Defendants Galloway, Cottril, Ivey, Marcus, and Moore be **DISMISSED**. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court **ADOPTS** the prior recommendation (Doc. 4), as supplemented above, that Plaintiff's civil conspiracy claims against Defendants Galloway, Cottril, Ivey, Marcus, and Moore be **DISMISSED**.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## <u>NOTICE REGARDING OBJECTIONS</u>

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: March 27, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

13